386 So.2d 1115 (1980)
Sam COOPER, Jr.
v.
STATE of Mississippi.
No. 52041.
Supreme Court of Mississippi.
August 13, 1980.
*1116 John C. Webb, Sidney J. Martin, Greenville, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and SUGG and COFER, JJ.
SUGG, Justice, for the Court.
Sam Cooper, Jr. was indicted in the Circuit Court of Washington County for armed robbery under section 97-3-79 Mississippi Code Annotated (Supp. 1975),[1] found guilty by a jury, and sentenced to serve a term of forty (40) years.
Defendant's sole assignment of error is that the following instruction should not have been granted.
The crime of robbery with a deadly weapon is defined as follows:
"Every person who shall feloniously take `or attempt to take' from the person or from the presence the personal property of another against his will by violence to his person or putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery."
If you believe from the evidence beyond a reasonable doubt that on or about February 19, 1979, Sam Cooper, Jr., acting alone or in concert with others, did feloniously attempt to take or assist in the attempted taking from the presence and against the will of Ray Gunter money or personal property of Ray Gunter in any amount or of any value, by violence to the person of Ray Gunter, or by putting Ray Gunter in fear of immediate injury to his person, by the exhibition of a deadly weapon, to-wit: a pistol, then it is your sworn duty to find the defendant guilty as charged in the indictment.
Defendant objected to the instruction at his trial on the ground that armed robbery consists of the felonious taking of the property of another and asportation of the property is a necessary element of the crime. Appellant's argument overlooks the provision in section 97-3-79 Mississippi Code Annotated (Supp. 1975) that the attempt to take the property of another from his person or presence, together with other elements, constitutes armed robbery. Defendant has relied on cases decided under section 97-3-73 which defines the crime of robbery as feloniously taking the personal property of another, in his presence or from his person and against his will, by violence to his person or putting such person in fear of some immediate injury to his person. Defendant was not indicted under section 97-3-73 but under section 97-3-79.
Our present armed robbery statute was first enacted in 1932. Mississippi General Laws Chapter 328 (1932). In Hall v. State, 166 Miss. 331, 148 So. 793 (1933) defendant's conviction of armed robbery was upheld where there was no actual taking or asportation of the owner's property. In that case the armed defendant fled before taking any of the money he had demanded.
We hold the defendant's assignment of error is not well taken, and affirm his conviction and sentence.
AFFIRMED.
*1117 PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.