434 So.2d 1367 (1983)
Roy Randle HARPER
v.
STATE of Mississippi.
No. 54396.
Supreme Court of Mississippi.
July 27, 1983.
G. William Palmer, Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellant.
Anita Mathews Stamps, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of the First Judicial District of Hinds County, wherein the appellant was indicted, tried, and convicted of armed robbery.
On December 16, 1981, the appellant and one Michael DeBussi entered Blackwell Chevrolet Company in Jackson, Mississippi, and asked to test drive a car. Randall E. Murff, a salesman for Blackwell, talked to the two men for a few minutes and then accompanied them as they test drove a new car. Mr. Murff sat in the front passenger's seat while DeBussi drove.
During the course of the test drive, DeBussi stopped the car at an intersection. *1368 The appellant, who was in the backseat, pulled a pistol and instructed Mr. Murff to hand over his wallet. After Mr. Murff gave his wallet to DeBussi, he was instructed to get out of the car. Mr. Murff then crawled out of the car and watched as the two men drove away.
Later that day Harper and DeBussi were arrested in Vicksburg, Mississippi. The appellant was armed with a loaded .380 calibre pistol while DeBussi was carrying a .22 calibre pistol. On December 18, 1981, Mr. Murff identified both Harper and DeBussi from a police lineup as the ones who had robbed him.
After a trial for armed robbery, the jury returned a verdict of guilty as charged. The trial judge found Harper to be a habitual criminal as defined by Mississippi Code Annotated section 99-19-81 (1972) and sentenced him under that statute to a term of forty-four years in the custody of the Mississippi Department of Corrections without parole, probation, reduction, or suspension of sentence. From this judgment and sentence Harper appeals and assigns as error the following: "The verdict is contrary to the overwhelming weight of the evidence and the law."
The appellant's argument in this regard is that the state did not prove all of the essential elements of the crime. It is recognized in this state that robbery consists of three elements:
"(1) Felonious intent;
(2) Force or fear as a means of effectuating that intent; and
(3) By that means taking and carrying away the property of another from his person or presence." Crocker v. State, 272 So.2d 664, 665 (Miss. 1973).
The appellant contends that the state failed to prove the second element as Mr. Murff, the victim of the crime, never stated that he was afraid. He testified as follows:
Q. All right. Mr. Murff, describe for the Jury your state of mind at the time Harper cocked that gun and pointed it to you.
A. Well, frankly, it made me mad, but I  my better judgment said don't show it.
Q. All right. Did you give them your money voluntarily?
A. Yes, I did.
Q. Why?
A. Because I had a gun sticking in my back and it'd [sic] already been cocked and if he had a nervous finger, I'd [sic] been a dead duck.
There is no merit to the appellant's contention that the victim was not placed in fear but was only made mad. The fear contemplated by the statute does not require the victim to be frightened or terrified. It is quite sufficient if he expects or anticipates that personal injury[1] may result, as did Mr. Murff, if he does not abide by the instructions of the assailant, who is threatening the use of a deadly weapon.
The judgment and sentence of the circuit court are affirmed.
AFFIRMED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Fear has been defined as follows: To "consider, expect, or anticipate... ." (Webster's Third New International Dictionary 831 (1971).