# `IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI
## NO. 1999-CP-00728-COA

**MICHAEL TAYLOR**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                             **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/29/1999 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | 08/18/1995: GUILTY PLEA; LIFE WITHOUT THE POSSIBILITY OF PAROLE IN THE CUSTODY OF MDOC, PLUS COURT COSTS IN THE AMOUNT OF $1, 188, CHARGING HIM WITH THE CRIME OF CAPITAL MURDER. |
| DISPOSITION: | AFFIRMED - 04/25/2000; 12/12/2000 |
| MOTION FOR REHEARING FILED: | 06/07/2000 |
| CERTIORARI FILED: | 12/28/2000; denied 3/29/2001 |
| MANDATE ISSUED: | 4/19/2001 |

BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.

PAYNE, J., FOR THE COURT:

## ON MOTION FOR REHEARING

¶1. The motion for rehearing is denied. The original opinion is withdrawn and this opinion is substituted therefor.

## PROCEDURAL POSTURE AND ISSUES PRESENTED

¶2. This case is before the Court on appeal from the judgment of the Sunflower County Circuit denying Taylor's petition for post-conviction relief. Aggrieved, Taylor perfected this appeal raising the following issues:

## I. WHETHER TAYLOR WAS DENIED DUE PROCESS AND EQUAL PROTECTION

**OF THE LAWS BY THE LOWER COURT BECAUSE HE WAS NOT GRANTED A FULL HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF.**

**II. WHETHER THE CIRCUIT COURT ERRED IN DENYING TAYLOR'S RULE 60(B) MOTION.**

**III. WHETHER TAYLOR'S GUILTY PLEA WAS ENTERED KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY.**

**IV. WHETHER TAYLOR WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

We are unmoved by any of Taylor's assignments of error. Accordingly, we affirm the trial court's denial of post-conviction relief.

## FACTS

¶3. Taylor was indicted on one count of capital murder and one count of burglary. Subsequent to the indictment, Taylor entered into a plea bargain arrangement whereby he pled guilty to capital murder in exchange for a *nolle prosque* on the burglary count. Taylor waived his right to jury sentencing, and the trial court imposed a sentence of life imprisonment without the possibility of parole.

## ANALYSIS AND DISCUSSION

**I. WHETHER TAYLOR WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAWS BY THE LOWER COURT BECAUSE HE WAS NOT GRANTED A FULL HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF.**

¶4. Taylor first alleges that he was denied due process of law and equal protection of the laws by the trial court's summary dismissal of his petition for relief. This is without merit. A "[p]ost-conviction relief petition which meets basic pleading requirement is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that petitioner can prove no set of facts in support of claim which would entitle him to relief." *Robertson v. State*, 669 So. 2d 11, 13 (Miss. 1996).

¶5. Taylor met the minimum pleading requirements. However, his supporting evidence, namely the supporting affidavits from himself, Mattie Taylor George, Brenda Cole, and Robert Cole are not compelling. While it does not lessen their reliability, each of the affidavits is virtually identical as to content. What is there is less than sufficient as a basis for setting aside an otherwise valid entry of a plea of guilty by Taylor.

¶6. While the trial court did not address the affidavits submitted by Taylor in his order denying Taylor's requested relief,[1] our review of the documentation submitted by Taylor leads us to find that the affidavits did not contain sufficient information that would have necessitated a full-blown evidentiary hearing. The trial court found nothing from Taylor's plea hearing indicating that the plea was entered against his will. Taylor was afforded due process in the trial court's consideration of his petition. This assignment of error is without merit.

**II. WHETHER THE CIRCUIT COURT ERRED IN DENYING TAYLOR'S RULE 60(B) MOTION.**

¶7. Taylor next attacks the trial court's denial of his Rule 60(b) motion seeking to set aside the initial summary dismissal of his petition.

> Rule 60(b) is designed:
>
> for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief. Additionally, it has been said that a party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence; gross negligence, ignorance of the rules, or ignorance of the law is not enough.

*Dilling v. Dilling*, 734 So. 2d 327 (¶ 20) (Miss. Ct. App. 1999) (citing *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984)). In his motion for Rule 60(b) relief from the trial court's denial of post-conviction relief, Taylor seeks such relief based on the failure of the trial court to grant an evidentiary hearing on his petition for post-conviction relief. Taylor then relies on the same arguments in his initial petition to argue why he is entitled to the Rule 60(b) relief. Simply put, Taylor failed to demonstrate an exceptional circumstance entitling him to Rule 60(b) relief. This assignment of error is without merit.

### III. WHETHER TAYLOR'S GUILTY PLEA WAS ENTERED KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY.

¶8. Taylor next maintains that his plea was involuntarily, unknowingly, and unintelligently given. In determining whether the entry of plea of guilty is properly accepted by the trial court, we turn to the well-seasoned rule that, to be valid, a plea of guilty must be entered voluntarily and intelligently. *Goss v. State*, 730 So. 2d 568, 573 (Miss. 1998) (quoting *Banana v. State*, 635 So. 2d 851, 854 (Miss. 1994)). "In order for a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea." *Id*.

¶9. Taylor cites to the affidavits in the record from his family members indicating that he was coerced into pleading guilty by his family. As discussed above, these affidavits were insufficient to mandate an evidentiary hearing. Further, the trial court noted nothing in his order indicative of Taylor's having entered an involuntary plea of guilty. Taylor further maintains that he was not informed of the possibility that a capital jury could have sentenced him to life imprisonment with the possibility of parole under Miss. Code Ann. § 99-19-101 (Rev. 1994). However, Miss. Code Ann. § 47-7-3 (Rev. 1993) was amended in 1994 to add subsection (f), which provides that no person convicted and sentenced under Miss. Code Ann. § 99-19-101 shall be eligible for parole. Miss. Code Ann. § 47-7-3(f) (Supp. 1999).

¶10. There is an obvious inconsistency in the two statutes in issue, a matter we leave for the legislature to reconcile; our analysis must look to see whether, despite the inconsistencies between the statutes, Taylor was the victim of harmful error in the case *sub judice*. *Puckett v. State*, 737 So. 2d 322 (¶ 129) (Miss. 1999). We find he was not. Taylor entered a plea of guilty to capital murder in exchange for the State's not seeking the death penalty. Given the record before us, Taylor has no room for complaint. The transcript of Taylor's plea hearing, provided to us as an exhibit to Taylor's pleadings, demonstrates that Taylor was fully aware of the consequences of the entry of his plea of guilty. The trial court explained the punishments available under the capital murder statute as well as the prohibition against release on parole for this crime.

We find Taylor's plea was voluntarily and intelligently entered. Accordingly, this assignment is without merit.

## IV. WHETHER TAYLOR WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

¶11. Taylor finally claims that he was denied effective assistance of counsel. Taylor bases this claim on his assertion that his attorney did not investigate the case, that his attorney coerced him into pleading guilty, and that his attorney failed to seek suppression of illegally seized evidence.

¶12. The seasoned legal test for determining whether or not a convicted individual received effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), adopted by the Mississippi Supreme Court in *Stringer v. State*, 454 So. 2d 468 (Miss. 1984). To be successful under *Strickland*, Taylor must demonstrate 1) that his counsel's performance was deficient, and 2) that his defense was prejudiced by the deficient performance. *Stringer*, 454 So. 2d at 476. Taylor carries the burden of demonstrating that both prongs of *Strickland* have been satisfied. *Leatherwood v. State*, 473 So. 2d 964, 968 (Miss. 1985). Moreover, there is a strong but rebuttable presumption that Taylor's attorney's performance fell within the wide range of reasonable professional assistance. *Vielee v. State,* 653 So. 2d 920, 922 (Miss. 1995). Additionally, Taylor must show a reasonable probability that he would have received a different outcome but for the ineffective assistance of counsel. *Conner v. State*, 684 So. 2d 608, 610 (Miss. 1996). The *Strickland* test is applied with deference to counsel's performance, considering the totality of the circumstances, to determine whether counsel's actions were both deficient and prejudicial. *Id.* The test is to be applied to the attorney's overall performance. *Strickland,* 466 U.S. at 695.

¶13. The trial court specifically found that Taylor's counsel had filed at least thirty-one motions on his behalf including motions seeking to have certain evidence suppressed. The trial court found that the exhibits submitted by Taylor along with his petition when reviewed against the court file and evidence against him proved that his attorney provided effective assistance of counsel. Taylor has not demonstrated that but for his attorney's alleged ineffective assistance in his representation of Taylor during the proceedings below, a different result would have come from the charges against him. We find this assignment of error holds no merit.

¶14. **THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST SUNFLOWER COUNTY.**

> **KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, AND THOMAS, JJ., CONCUR. McMILLIN, C.J., CONCURS IN RESULT ONLY. IRVING AND MYERS, JJ., NOT PARTICIPATING.**

1. In this instance, the trial court's failure to address the affidavits in support of Taylor's petition does not lead us to reverse the denial of relief. However, we caution that a trial court's failure to address such supporting documentation in the future may lead to a different result.