877 So.2d 468 (2003)
James Franklin PUTNAM, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01538-COA.
Court of Appeals of Mississippi.
December 16, 2003.
Rehearing Denied March 30, 2004.
Certiorari Denied July 15, 2004.
*469 James Franklin Putnam, appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. James Putnam, pro se, appeals an order of the Circuit Court of Harrison County, Mississippi denying his motion for post-conviction relief. Aggrieved, Putnam *470 perfected this appeal raising the following issues:
I. WHETHER THE APPELLANT'S INDICTMENT WAS VALID
II. WHETHER THE APPELLANT'S GUILTY PLEA WAS KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED
III. WHETHER THE APPELLANT IS ENTITLED TO A NEW EVIDENTIARY HEARING
IV. WHETHER THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL
V. WHETHER THE MISSISSIPPI POST-CONVICTION COLLATERAL RELIEF ACT IS CONSTITUTIONAL

STATEMENT OF FACTS
¶ 2. James Putnam was indicted on one count of embezzlement. A year later Putnam was indicted on two counts of armed robbery and one count of a felon in possession of a firearm. One count of armed robbery was dropped and Putnam pled guilty to the remainder of the charges. Putnam received a twenty year sentence for the armed robbery, a five year sentence for the embezzlement and one year for the firearm charge. The sentences were to run concurrently with each other as well as with a previous federal sentence. However, the sentences were mandatory due to the fact that Putnam was designated as a habitual offender pursuant to Mississippi Code Annotated Section 99-19-81.
¶ 3. Putnam filed a timely motion for post-conviction relief claiming his convictions and sentences were unconstitutional. Putnam also claimed that he received ineffective assistance of counsel. The trial court ordered the State to respond. Upon receiving the State's answer and defenses, the trial court issued an order vacating the habitual offender enhancement with regards to the embezzlement and armed robbery charges. In addition, the trial court vacated the firearm charge altogether. The trial court granted a telephonic evidentiary hearing on the sole issue of whether Putnam's guilty plea to the armed robbery charge was involuntary.
¶ 4. After the hearing, the trial court denied Putnam's motion for relief ruling that the guilty plea was knowingly, intelligently and voluntarily entered. As a result, Putnam filed this timely appeal.

STANDARD OF REVIEW
¶ 5. In reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.Ct.App.2002) (citing Pickett v. State, 751 So.2d 1031, 1032(¶ 8) (Miss.1999); Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). However, where questions of law are raised, the applicable standard of review is de novo. Id.

LEGAL ANALYSIS

I. WHETHER THE APPELLANT'S INDICTMENT WAS VALID
¶ 6. Putnam argues the indictment to the charge of armed robbery was invalid for two reasons. First, because he was initially charged with a lesser crime. Second, because he never actually took and carried away the property of another. As a result, Putnam argues, the trial court lacked subject matter jurisdiction in convicting him.
¶ 7. As to Putnam's first alleged error, we find it to be without merit. Although a police report indicates that an officer initially labeled one of the armed robberies as a trespass and simple assault, that is not the armed robbery at issue. As noted above, Putnam was indicted on two *471 counts of armed robbery but only pled guilty to one. The police report that is labeled trespass and simple assault deals with the dropped armed robbery charge. The plea hearing transcript reflects this fact.
¶ 8. As to Putnam's second alleged error, we also find it to be without merit. Uniform Circuit and County Court Rule 7.06 requires that "[t]he indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." Likewise, it is well settled that "every fact which is an element in a prima facie case of guilty must be stated in the indictment." Hawthorne v. State, 751 So.2d 1090, 1095 (¶ 23) (Miss.Ct.App.1999) (citing Hennington v. State, 702 So.2d 403, 408 (¶ 15) (Miss.1997)).
¶ 9. The indictment states that Putnam "did willfully, unlawfully and feloniously attempt to take and carry away from the presence and against the will of Robert Earl Williamson, personal property ... by putting the said Robert Earl Williamson in fear of immediate injury to his person, by the exhibition of a deadly weapon, to wit a handgun, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi." (emphasis added). Moreover, the language of the indictment tracks the statute. Under Mississippi Code Annotated Section 97-3-79 (Rev.2000), "[e]very person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery...." (emphasis added).
¶ 10. According to statute, a person can be convicted of armed robbery while attempting to complete the crime. The language in the indictment mirrors this notion. The indictment against Putnam for the crime of armed robbery is valid. The trial court had the appropriate subject matter jurisdiction.

II. WHETHER THE APPELLANT'S GUILTY PLEA WAS KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED
¶ 11. Putnam argues that his guilty plea was involuntary for the following reasons. First, Putnam argues that he had no real understanding of the law in relation to the facts, and therefore, had no actual notice of the charge. Second, Putnam argues that he would not have pled guilty but for counsel's erroneous recommendations. Finally, Putnam argues the trial court violated his due process rights by accepting his guilty plea and convicting him while reasonable doubt existed that all of the elements of the crime had been met.
¶ 12. This Court has previously held that "if the defendant is advised regarding the nature of the charge and the consequences of the plea, then the plea is considered voluntary and intelligent." Eacholes v. State, 847 So.2d 280, 281(¶ 3) (Miss.Ct.App.2003) (citing Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)). In addition, declarations made under oath and in open court carry a "strong presumption of verity." Eacholes, 847 So.2d at 281(¶ 3) (citing Baker v. State, 358 So.2d 401, 403 (Miss.1978)).
¶ 13. The heart of this issue revolves around Putnam's allegation that it is impossible for him to be convicted of armed robbery because he did not complete one of the essential elements. Namely, that he did not take and carry away the personal property of another. He claims that he *472 did not understand this aspect of the law as it relates to the facts of his case. He also claims that his counsel should have related this aspect of the law to him before recommending a guilty plea.
¶ 14. As noted above, a person in Mississippi can be charged and convicted of armed robbery without actually taking and carrying away the personal property of another. Miss.Code Ann. § 97-3-79 (Rev.2000); Cooper v. State, 386 So.2d 1115, 1116 (Miss.1980). No actual taking or asportation of the owner's property is necessary. Cooper, 386 So.2d at 1116.
¶ 15. In the present case, the record reflects that Putnam was informed of the charges against him, the consequences of pleading guilty and the possible sentence to be imposed. At the plea hearing, Putnam stated that his intent was to rob the store. Putnam stated that he was, in fact, actually guilty of committing an armed robbery. In addition, Putnam stated that he had no complaints regarding his legal representation. We find Putnam's argument that his plea was involuntary to be without merit. As a consequence, we find no violation of Putnam's due process rights on the part of the trial court.

III. WHETHER THE APPELLANT IS ENTITLED TO A NEW EVIDENTIARY HEARING
¶ 16. Putnam denies the accuracy of the transcript from his evidentiary hearing and argues that he is entitled to another one. Putnam claims the record indicates that there were some connection problems with the telephone and, as a result, the transcript reduces his arguments to nonsense.
¶ 17. The trial judge's initial ruling on Putnam's motion for post-conviction relief granted an evidentiary hearing on the sole issue of whether Putnam's guilty plea was voluntary. The hearing was conducted telephonically due to the fact that Putnam was incarcerated in a Pennsylvania federal prison.
¶ 18. After the hearing, a court reporter sent Putnam a letter requesting a copy of the document he read from for her records. Putnam told the court reporter that had not read from anything. Thereafter, Putnam filed a motion for a new hearing but it was denied. Putnam filed a motion for reconsideration which was also denied. Putnam then filed a motion requesting leave to submit a brief as a result of the court reporter's inquiry which was also denied.
¶ 19. A motion for post-conviction relief which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the petitioner can prove no set of facts in support of a claim which would entitled him to relief. Taylor v. State, 782 So.2d 166, 168(¶ 4) (Miss.Ct.App.2000) (citing Robertson v. State, 669 So.2d 11, 13 (Miss.1996)). In addition, the trial judge has discretion in allowing an evidentiary hearing. Miss.Code Ann. § 99-39-11(2) (Rev.2000).
¶ 20. In the present case, Putnam has provided nothing in the record to support his claim that the transcript is inaccurate. The fact that the court reporter requested a copy of Putnam's statements for her records does not prove that the evidentiary hearing transcript was inaccurate. The evidentiary hearing transcript included in the record indicates that there was an initial problem with the telephone connection. This took place at the very beginning of the conversation before the merits of Putnam's motion had been raised. The transcript also indicates that this problem was corrected by substituting a phone that the trial judge was using. The trial court found that nothing from Putnam's plea hearing indicated that the plea was entered *473 against his will and refused to permit a second evidentiary hearing on the same issue.
¶ 21. Considering these facts, we cannot say that the trial judge was clearly erroneous in denying Putnam's request for a second evidentiary hearing. We hold that Putnam is not entitled to a new evidentiary hearing.

IV. WHETHER THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 22. Putnam asserts several errors against his counsel. First, Putnam argues his counsel failed to inform him that he was the only red-haired person in the photographic lineup. Second, Putnam argues his attorney failed to suppress his confession. Third, Putnam argues his attorney failed to investigate and inform him as to the elements of armed robbery. In other words, Putnam argues that had his counsel advised him that the taking and carrying away of the personal property of another was a required element of armed robbery, he would have not pled guilty. Finally, Putnam argues he was denied assistance of counsel at his evidentiary hearing.
¶ 23. Our function on appeal is to determine whether counsel's performance was deficient and whether the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has discussed these requirements in the following way:
A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance: that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
Bradford v. State, 759 So.2d 434, 439 (¶ 18) (Miss.Ct.App.2000) (quoting Stringer v. State, 454 So.2d 468, 477 (Miss.1984)).
¶ 24. In analyzing this issue, we hold that Putnam has failed to meet the requirements under Strickland. Of all of the alleged errors of counsel, Putnam only applies the Strickland test to his counsel's failure to inform him as to the requirement that a person must take and carry away the property of another in order to be convicted of armed robbery. As noted above, this requirement is unnecessary. The law in this state allows for a conviction of armed robbery in circumstances where the defendant has attempted the crime. Such was the situation in the present case. It is impossible for Putnam to prove that the absence of this advice from his attorney would have affected the outcome at trial.
¶ 25. Moreover, we find Putnam's claim that he received no assistance of counsel at the evidentiary hearing to be without merit. First, "[a] criminal defendant has neither a state nor a federal constitutional right to appointed counsel in post-conviction proceedings." Moore v. State, 587 So.2d 1193, 1195 (Miss.1991) (citing Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). The Mississippi Post-Conviction Collateral Relief Act states that a judge may appoint counsel for a qualified petitioner. Miss.Code Ann. § 99-39-23(1) (Rev.2000) (emphasis added). In other words, it is within the judge's discretion.
¶ 26. Second, the record indicates that the trial judge notified Putnam's attorney at the time regarding the hearing. As noted above, this hearing took place telephonically *474 due to the fact that Putnam was detained in a federal prison in Pennsylvania. Putnam was accompanied by a Federal Bureau of Prisons counselor.
¶ 27. The transcript from the hearing states that Putnam initiated the hearing two hours early because of time constraints at the federal prison along with a mistaken belief about the time zone differential between the two states. The trial judge notified Putnam of this mistake. The trial judge then specifically asked Putnam if he still wished to proceed despite the fact that he was two hours ahead of schedule. Putnam then proceeded to present his claims over the telephone. We find this issue to be without merit.

V. WHETHER THE MISSISSIPPI POST-CONVICTION COLLATERAL RELIEF ACT IS CONSTITUTIONAL
¶ 28. Putnam argues the Mississippi Post-Conviction Collateral Relief Act is unconstitutional because it constitutes a suspension of the writ of habeas corpus. We disagree. The Post-Conviction Relief Act is not a new concept in Mississippi law. Irving v. State, 498 So.2d 305, 308 (Miss.1986). It is merely a codification of existing constraints on review traditionally practiced by the Supreme Court. Id. As a result, we find Putnam's last issue on appeal to be without merit.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.