# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00830-COA

JAMES F. PUTNAM A/K/A JAMES FRANKLIN            APPELLANT
PUTNAM A/K/A JAMES PUTNAM A/K/A J.
PUTNAM

v.

STATE OF MISSISSIPPI                                   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/14/2015 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JAMES F. PUTNAM (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/25/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     James F. Putnam appeals the Harrison County Circuit Court's order denying his motion for postconviction relief (PCR).  Putnam argues that his claims for ineffective assistance of counsel and illegal sentence are meritorious claims and show that his fundamental constitutional rights were violated.  Putnam thus asserts that since his assignments of error allege violations of his fundamental constitutional rights, the trial court erred in findings these claims procedurally barred.  Putnam further claims that at the plea

hearing, the State failed to offer facts in support of the trial court accepting Putnam's guilty plea. Finding no error, we affirm the trial court's denial of Putnam's PCR motion.

**FACTS**

¶2.    On December 18, 1997, Putnam pleaded guilty to armed robbery, unlawful possession of a firearm, and embezzlement. The record reflects that at his guilty-plea hearing, Putnam admitted to entering an Eckerd Drugs in Gulfport, Mississippi, and walking to the back of the store. Once Putnam saw the pharmacist, Putnam pulled out a gun and "pointed it in [the pharmacist's] general direction." Putnam claimed that he then stated "Hello, sweetheart," put away the weapon, and walked back out of the store. When asked by the trial court if he took anything, Putnam responded, "No, your honor." Putnam admitted that when he first entered the store, "[his] intentions were to rob the store[,]" but then he changed his mind.

¶3.    The trial court sentenced Putnam, as a habitual offender, to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC) for the armed-robbery charge, one year in the custody of the MDOC for the unlawful-possession-of-a-firearm charge, and five years in the custody of the MDOC for the embezzlement charge. The trial court ordered these sentences to run concurrently, for a total of twenty years to be served. The trial court further ordered these sentences to run concurrently with a federal sentence Putnam was already serving at the time.

¶4.    Putnam timely filed his first PCR motion in which he claimed that he received ineffective assistance of counsel and that his "indictment to the charge of armed robbery was invalid . . . because he was initially charged with a lesser crime . . . [and] because he never

2

actually took and carried away the property of another." *Putnam v. State*, 877 So. 2d 468, 470, 473 (¶¶6, 22) (Miss. Ct. App. 2003). After reviewing Putnam's PCR motion, the trial court "issued an order vacating the habitual offender enhancement with regards to the embezzlement and armed robbery charges" and "vacated the firearm charge altogether." *Id.* After an evidentiary hearing on the issue of whether Putnam's plea was involuntary, the trial court denied Putnam's PCR motion and found that his guilty plea was knowingly, intelligently, and voluntarily entered. *Id.* Putnam appealed the trial court's denial of his PCR motion. On appeal, this Court affirmed the trial court's denial and found that Putnam's indictment was valid. *Id.* at 474 (¶29). In so doing, this Court explained that, "[a]ccording to statute, a person can be convicted of armed robbery while attempting to complete the crime." *Id.* at 471 (¶10); *see* Miss. Code Ann. § 97-3-79 (Rev. 2014). This Court then determined that Putnam's indictment properly tracked the language of the armed-robbery statute. *Id.*

¶5. Regarding Putnam's ineffective-assistance-of-counsel claim, this Court found:

> Putnam has failed to meet the requirements under *Strickland* [*v. Washington*, 466 U.S. 668, 687 (1984)]. Of all of the alleged errors of counsel, Putnam only applies the *Strickland* test to his counsel's failure to inform him as to the requirement that a person must take and carry away the property of another in order to be convicted of armed robbery. As noted above, this requirement is unnecessary. The law in this state allows for a conviction of armed robbery in circumstances where the defendant has attempted the crime. Such was the situation in the present case. It is impossible for Putnam to prove that the absence of this advice from his attorney would have affected the outcome at trial.
>
> Moreover, we find Putnam's claim that he received no assistance of counsel at the evidentiary hearing to be without merit. First, "[a] criminal defendant has neither a state nor a federal constitutional right to appointed counsel in

3

post-conviction proceedings." *Moore v. State*, 587 So. 2d 1193, 1195 (Miss. 1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551 . . . (1987)). The Mississippi [Uniform Postconviction] Collateral Relief Act [(UPCCRA)] states that a judge may appoint counsel for a qualified petitioner. Miss. Code Ann. § 99-39-23(1) (Rev. 2000) . . . . In other words, it is within the judge's discretion.

Second, the record indicates that the trial judge notified Putnam's attorney at the time regarding the hearing. As noted above, this hearing took place telephonically due to the fact that Putnam was detained in a federal prison in Pennsylvania. . . .

The transcript from the hearing states that Putnam initiated the hearing two hours early because of time constraints at the federal prison along with a mistaken belief about the time zone differential between the two states. The trial judge notified Putnam of this mistake. The trial judge then specifically asked Putnam if he still wished to proceed despite the fact that he was two hours ahead of schedule. Putnam then proceeded to present his claims over the telephone. We find this issue to be without merit.

*Id*. at 473-74 (¶¶24-27).

¶6.     The record reflects that since the denial of his first PCR motion, Putnam has challenged his conviction and sentence at least two additional times. *See Putnam v. Epps*, 63 So. 3d 547 (Miss. 2011); *Putnam v. Epps*, 963 So. 2d 1232 (Miss. Ct. App. 2007).

¶7.     Putnam filed the current PCR motion on May 8, 2012, challenging only his armed-robbery conviction and sentence.[1] The record reflects that over the next three years, Putnam filed numerous additional amendments and motions regarding his May 8, 2012 PCR filing. On July 14, 2015, the trial court denied Putnam's PCR motion after finding the motion time-barred, a successive-writ, and without merit. Putnam now appeals, arguing that his

---

[1] The record contains an order from the Mississippi Supreme Court granting Putnam leave to file his PCR motion. The order states: "After due consideration, the panel finds that there has been no direct appeal of Putnam's conviction and sentence."

4

claims for ineffective assistance of counsel and illegal sentence are meritorious claims showing that his fundamental constitutional rights were violated. Putnam thus asserts that since his assignments of error allege violations of his fundamental constitutional rights, the trial court erred in findings these claims procedurally barred.

## STANDARD OF REVIEW

¶8. When reviewing a trial court's summary dismissal of a PCR motion, this Court employs a clearly-erroneous standard of review. *Jones v. State*, 174 So. 3d 902, 905 (¶8) (Miss. Ct. App. 2015). However, when questions of law are raised, we employ a de novo standard of review. *Id*. Mississippi Code Annotated section 99-39-11(2) (Rev. 2015) provides: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified."

¶9. "This Court will reverse the summary dismissal of a motion for PCR if the motion presents a claim procedurally alive substantially showing denial of a state or federal right." *Fluker v. State*, 170 So. 3d 471, 473 (¶7) (Miss. 2015) (internal quotation marks omitted).

## DISCUSSION

¶10. Putnam argues that at his plea hearing, the State failed to offer facts in support of his guilty plea to the charge of armed robbery. Putnam claims that without evidence of a request or demand for money, his conduct fails to show an overt act in furtherance of attempting the crime of armed robbery as required for a conviction for that offense. As a result, Putnam argues that the trial court erred in accepting his guilty plea without any factual basis in

support of the conviction, and thus Putnam received an illegal sentence. Putnam also claims that he could have easily been charged with attempted aggravated assault or various other lesser offenses since he allegedly never made a request or demand for money. Putnam further argues that he was denied effective assistance of counsel.

¶11. Uniform Rule of Circuit and County Court 8.04(A)(3) provides that "[b]efore the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea." We recognize that "[a] sufficient factual basis requires an evidentiary foundation in the record which is sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal." *Smith v. State*, 86 So. 3d 276, 280 (¶11) (Miss. Ct. App. 2012) (citations and quotations omitted).

¶12. At the December 18, 1997 plea hearing, the record reflects that the prosecutor made no proffer of the facts of the crime. Instead, the trial court asked Putnam to "tell [the court] about the armed robbery[.]" Putnam then gave a recitation of the facts underlying the offense. As stated, the plea-hearing transcript reflects that at his plea hearing, Putnam admitted to entering an Eckerd Drugs in Gulfport and walking to the back of the store. Once Putnam saw the pharmacist, Putnam pulled out a gun and "pointed it in [the pharmacist's] general direction." Putnam claimed that he then stated, "Hello, sweetheart," put away the weapon, and walked out of the store. When asked by the trial court if he took anything, Putnam responded, "No, your honor." Putnam admitted to the trial court that when he first entered the store, "[his] intentions were to rob the store[,]" but then he changed his mind.

The trial court asked the prosecutor whether he needed any other information on the armed robbery, and the prosecutor responded, "No, your honor." The record reflects that Putnam's plea petition also contained a similar recitation of the facts that he provided at the plea hearing.[2] Putnam argues that the record fails to support a factual basis for his guilty plea to armed robbery, and he argues that the sentence imposed was therefore illegal and the legal advice he received was ineffective.

¶13. Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), part of the UPCCRA, provides the time-bar for PCR motions:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:
>
> > (a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence,

---

[2] Although Putnam does not raise the voluntariness of his guilty plea in the present PCR motion, we note that on appeal of Putnam's prior PCR motion, this Court found that Putnam's guilty plea was voluntarily, intelligently, and knowingly made:

> In the present case, the record reflects that Putnam was informed of the charges against him, the consequences of pleading guilty and the possible sentence to be imposed. At the plea hearing, Putnam stated that his intent was to rob the store. Putnam stated that he was, in fact, actually guilty of committing an armed robbery. In addition, Putnam stated that he had no complaints regarding his legal representation. We find Putnam's argument that his plea was involuntary to be without merit.

*Putnam*, 877 So. 2d at 472 (¶15).

not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or

(ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

¶14. Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) also bars successive PCR motions:

The order as provided in subsection (5) of this section or any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article. Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the convict's supervening mental illness before the execution of a sentence of death. A dismissal or denial of a motion relating to mental illness under Section 99-19-57(2) shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or

8

his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are those cases in which the petitioner has filed a prior petition and has requested DNA testing under this article, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology.

¶15. The petitioner "bears the burden of proving by a preponderance of the evidence that his claims are not barred as successive writs." *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013). "Our case law has repeatedly held that once a prisoner's claims are time[-]barred, they must fall into one of the enumerated exceptions to remain viable." *Austin v. State*, 863 So. 2d 59, 61 (¶6) (Miss. Ct. App. 2003); *see also Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015). Errors affecting fundamental constitutional rights are excepted from procedural bars. *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013).

¶16. Although Putnam filed the present PCR motion in May 2012, more than thirteen years after his entering his guilty plea, he asserts that his illegal-sentence claim constituted a violation of his fundamental constitutional rights, and thus his motion should be excepted from the procedural bars under *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). We recognize that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Id.* at 507 (¶¶9, 12). However, "the supreme court has not held that an ineffective-assistance-of-counsel claim invokes a 'fundamental right' that circumvents all procedural bars that apply to PCR petitions." *Salter*, 184 So. 3d at 950 (¶22) (citing *Riley v. State*, 150 So. 3d 138, 140 (¶8) (Miss. Ct. App. 2014)). This Court has acknowledged the four types of fundamental rights found to survive PCR procedural bars:

9

"(1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Id.*; *see also Jones v. State*, 174 So. 3d 902, 907 (¶12) (Miss. Ct. App. 2015).

¶17.   As stated, we acknowledge that Putnam raised an ineffective-assistance-of-counsel claim in a prior PCR motion wherein he alleged, among other errors, that "his attorney failed to investigate and inform him as to the elements of armed robbery." *Putnam*, 877 So. 2d at 473 (¶22).   Putnam argued that "had his counsel advised him that the taking and carrying away of the personal property of another was a required element of armed robbery, he would have not pled guilty." *Id*.   On appeal, this Court found that Putnam's allegation of error lacked merit. *Id*. at 474 (¶27).   This Court explained that Mississippi law "allows for a conviction of armed robbery in circumstances where the defendant has attempted the crime." *Id*. at 473 (¶24).   Thus, it was unnecessary for Putnam's counsel to advise of an unnecessary element, and this Court found that Putnam could not "prove that the absence of this advice from his attorney would have affected the outcome at trial." *Id*.; *see Strickland*, 466 U.S. at 687.   As a result, this Court determined that Putnam's ineffective-assistance-of-counsel claim lacked merit. *Putnam*, 877 So. 2d at 474 (¶27).

¶18.   Accordingly, we find Putnam's ineffective-assistance-of-counsel claim procedurally barred.   We now turn to examine Putnam's remaining claim of an illegal sentence.

¶19.   In *Smith v. State*, 149 So. 3d 1027, 1031 (¶10) (Miss. 2014), the supreme court held: "To deny relief for a fundamental-rights violation brought to our attention in a successive PCR [motion] would ignore the serious due-process concerns underlying the

fundamental-rights exception." The *Smith* court further reiterated that "neither the common law nor our own constitutional law applies the doctrine of res judicata to constitutional claims." *Id*. at (¶11).

¶20. In *Fluker*, 170 So. 3d at 475 (¶11), the supreme court explained: "Although errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA, merely asserting a constitutional-right violation is insufficient to overcome the procedural bars." (Internal citations and quotation marks omitted). "There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived." *Id*. (quoting *Means v. State*, 43 So. 3d 438, 442 (¶11) (Miss. 2010)).

¶21. As stated, the record reflects that Putnam asserts his illegal-sentence claim arises from his conviction and sentence for armed robbery. As discussed, Putnam more specifically maintains that without a request or demand for money, his conduct fails to constitute an overt act in furtherance of attempting the crime of armed robbery. Putnam asserts that the trial court erred in accepting his guilty plea without any factual basis in support of the conviction, and thus Putnam received an illegal sentence.[3] In support of his claim, Putnam argues that

---

[3] We acknowledge that the record, as well as this Court's prior opinion, shows that Putnam was indicted and pled guilty to "willfully, unlawfully and feloniously attempt[ing] to take and carry away from the presence and against the will of Robert Earl Williamson, personal property . . . by putting the said Robert Earl Williamson in fear of immediate injury to his person, by the exhibition of a deadly weapon, to wit a handgun[.]" Although Putnam does not raise the voluntariness of his guilty plea in the present PCR motion, we recognize that on review of Putnam's prior PCR motion, this Court found that Putnam's guilty plea was voluntarily, intelligently, and knowingly made:

In the present case, the record reflects that Putnam was informed of the charges against him, the consequences of pleading guilty and the possible sentence to be imposed. At the plea hearing, Putnam stated that his intent was

11

the evidence was insufficient to convict him of armed robbery. However, "[b]y pleading guilty, an offender waives a claim that there was insufficient evidence to find him guilty." *Stamps v. State*, 151 So. 3d 248, 255 (¶19) (Miss. Ct. App. 2014). Moreover, the plea colloquy shows that Putnam admitted, as a part of the factual basis of his plea, that he pointed a gun in the pharmacist's direction and that he intended to rob the store. Precedent reflects that evidence of deadly force and threatening deadly force is sufficient to place one in fear. *See Harper v. State*, 434 So. 2d 1367, 1368 (Miss. 1983); *Evans v. State*, 957 So. 2d 430, 436 (¶19) (Miss. Ct. App. 2007). We thus find that this factual basis for Putnam's guilty plea sufficiently supports his conviction for armed robbery. *See* Miss. Code Ann. § 97-3-79.

¶22. In *Putnam*, 877 So. 2d at 471 (¶¶8-10), Putnam made a similar argument under the claim of a fatally defective indictment. In addressing Putnam's claim on the merits, this Court held:

> As to Putnam's second alleged error, we also find it to be without merit. Uniform Circuit and County Court Rule 7.06 requires that "the indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." Likewise, it is well settled that "every fact which is an element in a prima facie case of guilty must be stated in the indictment."
>
> The indictment states that Putnam "did willfully, unlawfully and feloniously attempt to take and carry away from the presence and against the will of Robert Earl Williamson, personal property . . . by putting the said Robert Earl

to rob the store. Putnam stated that he was, in fact, actually guilty of committing an armed robbery. In addition, Putnam stated that he had no complaints regarding his legal representation. We find Putnam's argument that his plea was involuntary to be without merit.

*Putnam*, 877 So. 2d at 472 (¶15).

12

Williamson in fear of immediate injury to his person, by the exhibition of a deadly weapon, to wit a handgun, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi." Moreover, the language of the indictment tracks the statute. Under Mississippi Code Annotated [s]ection 97-3-79 . . . , "every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery . . . ."

*Putnam*, 877 So. 2d at 471 (¶¶8-9) (citations omitted).

¶23. This Court concluded:

According to statute, a person can be convicted of armed robbery while attempting to complete the crime. The language in the indictment mirrors this notion. The indictment against Putnam for the crime of armed robbery is valid. The trial court had the appropriate subject matter jurisdiction.

*Id.* at (¶10). *See* Miss. Code Ann. § 97-3-79 ("Every person who shall feloniously take *or attempt to take* from the person . . . the personal property of another and against his will . . . by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery." (Emphasis added)).

¶24. Upon review, we find no reason to rule differently on Putnam's claim at this time. We therefore affirm the trial court's denial of Putnam's PCR motion.

¶25. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**