824 So.2d 632 (2002)
Shepherd GRIFFIN a/k/a Shepherd Wendell Griffin, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-02059-COA.
Court of Appeals of Mississippi.
May 28, 2002.
Rehearing Denied August 20, 2002.
*634 Shepherd Griffin, Pro Se, attorney for appellant.
Office of the Attorney General by: Charles W. Maris Jr., attorney for appellee.
Before SOUTHWICK, P.J., THOMAS, IRVING, and MYERS, JJ.
MYERS, J., for the court.
¶ 1. Shepherd Griffin pled guilty to the transfer of a controlled substance on October 8, 1999, in the Circuit Court of Harrison County, Honorable John H. Whitfield presiding. The plea was accepted and Griffin was sentenced to serve twenty years, day-to-day, in the custody of the Mississippi Department of Corrections. The transcript of the plea hearing was lost and not made a part of the record. Aggrieved by the sentence imposed, Griffin filed a motion for post-conviction relief in the trial court which was summarily denied. From the denial of that motion, Griffin appeals.

DISCUSSION
¶ 2. Griffin first contends that the indictment returned against him was defective as the copy he received was not stamped filed and dated. The copy of the indictment contained in the record of this case was properly stamped filed and dated. The entry of a knowingly and voluntarily made guilty plea waives all defects contained in the indictment except for the failure of the indictment to charge an essential element of the offense and subject matter jurisdiction. Wrenn v. State, 802 So.2d 177, 180(¶ 11) (Miss.Ct.App.2001). Griffin signed a notarized petition to plead guilty in which he stated that his guilty plea was knowingly and voluntarily given. Griffin offers nothing to contradict the veracity of the petition. The plea was knowingly and voluntarily entered. Accordingly, this point of error was waived by Griffin.
¶ 3. Griffin next contends that the evidence considered by the grand jury was insufficient to indict him. "Grand jury proceedings are sacred and the courts cannot go behind an indictment and inquire into the evidence considered by the grand jury." Hood v. State, 523 So.2d 302, 306 (Miss.1988). The evidence considered by the grand jury and its sufficiency cannot be considered as a source of error on appeal. This issue is without merit.
¶ 4. Griffin also contends that the evidence presented at his preliminary hearing was insufficient to establish probable *635 cause. "An indictment by a grand jury is a determination that probable cause does exist to hold the person indicted for trial." Stevenson v. State, 244 So.2d 30, 33 (Miss.1971). This issue is without merit because the grand jury indicted Griffin thus establishing probable cause.
¶ 5. Griffin next contends that he should have received a copy of the presentence investigation report. The State is required to disclose the contents of any presentence investigation report to the defendant or the defendant's attorney. URCCC 10.04(C)(1). It is undisputed that the presentence investigation report was not disclosed to Griffin or his attorney. Griffin is required to prove that he suffered actual prejudice as a result of this nondisclosure. Wiley v. State, 750 So.2d 1193, 1208(¶ 58) (Miss.2000). Griffin only states in his appellate brief that he was not given a copy of the report. Griffin does not allege that the report was in any way inaccurate or incomplete. Griffin has not presented any evidence that he was prejudiced by this nondisclosure. This issue is without merit.
¶ 6. Griffin next contends that he was denied effective assistance of counsel. Griffin claims that he was not informed of the elements of the crime charged against him as well as the maximum penalty that could be assessed against him. Griffin also asserts under this issue that he was informed by his attorney that he would receive a sentence of five to seven years. In support of this proposition Griffin submitted an affidavit from his sister which provided in pertinent part, that Griffin's attorney stated that Griffin would probably receive a sentence of five to seven years. Griffin must show that his attorney's performance was deficient and that the deficient performance prejudiced him. Bell v. State, 754 So.2d 492, 495(¶ 7) (Miss.Ct.App.1999). Griffin signed a sworn petition that stated he was apprized of the elements as well as the minimum and maximum possible sentences he could be given for the crime charged and that he was not promised a sentence of specific length. Griffin has not shown that his attorney's performance was deficient or that any prejudice resulted from the attorney's actions. This issue is without merit.
¶ 7. Finally, Griffin raises as error that the trial court heard inadmissible evidence during the sentencing hearing, that his guilty plea was not voluntarily and intelligently entered, that the transcripts of the entry of his guilty plea and subsequent hearing were lost, that he was not apprized of the possible penalties he could receive for the crime charged, that he knew the prosecutor from high school and should have been granted a change of venue, and that his sentence was cruel and unusual. Griffin raised these issues for the first time on appeal. Issues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court. Mack v. State, 784 So.2d 976, 978(¶ 10) (Miss.Ct. App.2001). Accordingly, these issues are barred from review.

CONCLUSION
¶ 8. The issues raised by Griffin are without merit. Griffin received by his own admission satisfactory assistance of counsel. Griffin has not demonstrated that he was prejudiced by not receiving a copy of the presentence investigation report. The indictment returned against Griffin was not defective.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL *636 ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.