847 So.2d 280 (2003)
Robert EACHOLES a/k/a Robert Echols, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002CP01489COA.
Court of Appeals of Mississippi.
June 3, 2003.
Robert Eacholes (Pro Se), attorney for appellant.
Office of the Attorney General by: Billy L. Gore, attorney for appellee.
Before SOUTHWICK, P.J., LEE and GRIFFIS, JJ.
LEE, J., for the court

PROCEDURAL HISTORY AND FACTS
¶ 1. On April 30, 2001, Robert Eacholes pled guilty in the Calhoun County Circuit Court to two counts of the sale of a controlled substance, cocaine, and was sentenced to fifteen years on each count in the custody of the Mississippi Department of Corrections, with seven years suspended *281 and eight years to serve concurrently on each count, including five years' post-release supervision. Eacholes filed a motion for post-conviction collateral relief on September 27, 2001. This motion was denied on August 20, 2002. Eacholes now appeals the denial of post-conviction relief to this Court, asserting that his guilty plea was not voluntary and that he should be granted an evidentiary hearing to prove this claim. Finding no merit, we affirm.

DISCUSSION OF ISSUE
¶ 2. In reviewing a trial court's denial of post-conviction relief, our standard of review is well stated. We will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct.App.2000).
¶ 3. With this issue, Eacholes claims that he was scared to proceed to trial and, therefore, pled guilty, because he overheard his attorney tell the district attorney that he was not in a "fighting mood." According to the Mississippi Supreme Court, if the defendant is advised regarding the nature of the charge and the consequences of the plea, then the plea is considered voluntary and intelligent. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Furthermore, "solemn declarations in open court carry a strong presumption of verity." Baker v. State, 358 So.2d 401, 403 (Miss.1978). In the present case, the record reflects that Eacholes was informed of the charges against him and the possible sentence. The record also reveals that Eacholes admitted to committing the crimes charged. In light of the fact that Eacholes stated under oath that he understood the consequences of pleading guilty and that no one had made any representations to him regarding his sentence, we find Eacholes' argument that his plea was not voluntary to be without merit.
¶ 4. Eacholes also briefly mentions that there was not enough evidence for the judge to accept the guilty plea, and that he should have been granted an evidentiary hearing. In order to receive an evidentiary hearing, the movant must demonstrate, through affidavits or otherwise, the potential existence of facts that, if proven at the hearing, would entitled the movant to relief. Potts v. State, 755 So.2d 1196(¶ 5) (Miss.Ct.App.1999). In the case before us, Eacholes' claim, unsupported by anything other than his own assertion, that the evidence was insufficient is substantially contradicted by his own admission of guilt at the plea hearing. We cannot disturb a lower court's findings unless they are found to be clearly erroneous, and here, we cannot do so.
¶ 5. THE JUDGMENT OF THE CALHOUN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO CALHOUN COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER and GRIFFIS, JJ., concur.