850 So.2d 201 (2003)
Sidney NELSON a/k/a Solo, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00435-COA.
Court of Appeals of Mississippi.
July 15, 2003.
*203 Pamela A. Ferrington, Natchez, for appellant.
Office of the Attorney General by Jean Smith Vaughan, for appellee.
Before MCMILLIN, C.J., THOMAS AND CHANDLER, JJ.
MCMILLIN, C.J., for the court.
¶ 1. Sidney Nelson was convicted of murder by an Adams County Circuit Court jury in 1998. After obtaining permission of the circuit court to file an out-of-time appeal, Nelson has appealed that conviction to this Court. In his appeal, he contends that the trial court committed reversible error when it failed to grant his requested continuance filed on the day trial began. Additionally, he alleges that the evidence was insufficient as a matter of law to support a guilty verdict on the charge of murder. We find these contentions to be without merit and affirm the conviction and resulting judgment of sentence.

I.

Facts
¶ 2. Sidney Nelson shot and killed Henry Banks, Jr. in the presence of numerous onlookers. He then fled the scene of the shooting, cut his hair in an attempt to disguise his appearance, and went into hiding until he was apprehended by police acting on an anonymous tip. Nelson did not deny the shooting. Rather, his defense consisted of the assertion that he acted in self-defense or, at worst, was guilty only of manslaughter based on what has come to be known as "imperfect self-defense."
¶ 3. Evidence presented by the State indicated that Nelson and Banks had been involved in a verbal confrontation at a convenience store. Shortly after that, Nelson arrived at a residence where Banks and a number of friends had gone after the incident. Nelson was observed to draw a pistol and shoot Banks in the chest.
¶ 4. In Nelson's statement to the police, which was read to the jury, Nelson contended that he went to the house in response to a cell phone page from his girlfriend and that, as he approached, he saw Banks reach into his pocket. Nelson claimed that he feared Banks was reaching for a gun and that he drew his own gun to fire a warning shot but that the shot accidentally struck Banks in the chest, inflicting a mortal wound.

II.

Request for a Continuance
¶ 5. Nelson was indicted in November 1997, and was given appointed counsel. In March 1998, Nelson's court-appointed lawyer withdrew at Nelson's request, when Nelson indicated that he was not satisfied with the representation he was receiving. The order allowing counsel to withdraw also appointed a new attorney and the order stated that the change would not affect the previously set trial date. Trial was held as scheduled April 2-3, 1998.
¶ 6. The day before trial, Nelson demanded that his attorney seek a continuance *204 so that Nelson could retain private counsel. Nelson's mother and father contacted the attorney directly and also indicated a desire to retain private counsel for their son. The attorney did not actually present the motion to the trial court until after the jury had been selected. The court denied the motion after the court determined that no action had been taken toward retaining private counsel.
¶ 7. On appeal, Nelson claims this constituted reversible error. He contends that there was no pressing need for the case to go to trial as scheduled so that the trial court abused its discretion when it denied the motion. The denial of a last minute continuance to retain new counsel is within the trial court's discretion. Atterberry v. State, 667 So.2d 622, 629 (Miss. 1995). If the motion is denied, the defendant must show not only an abuse of this discretion, but also that the abuse actually worked an injustice in his case in order to obtain relief on an appeal of that ruling. Arteigapiloto v. State, 496 So.2d 681, 685 (Miss.1986). Nelson's contention that the trial court's decision was error requiring reversal of his conviction fails both tests. He has not articulated an arguable basis to conclude that the court acted arbitrarily in denying his eleventh-hour motion when he had done nothing to pursue retained counsel in the weeks and months leading up to trial. There is further no contention that appointed counsel was unprepared for trial or had delayed preparation in anticipation of being replaced by retained counsel, making it difficult to see where any injustice has occurred.
¶ 8. Nelson argues that refusing to allow a continuance effectively denied him the right to retain counsel of his choice. While a defendant has the right to counsel of his choice, this right is not absolute. Atterberry, 667 So.2d at 628. Suddenly emerging assertions that the defendant is dissatisfied with his attorney on the eve of trial are often nothing other than poorly-disguised attempts to delay the trial. Weeks before trial began, the court permitted Nelson to end the representation of one appointed counsel based on Nelson's dissatisfaction with his services. After that substitution of counsel made at Nelson's insistence, there were apparently no indications that Nelson was unhappy with new counsel's performance in the days leading up to trial. In this situation, we do not find that Nelson was improperly denied suitable and competent representation.
¶ 9. Nelson makes an argument in connection with this issue that three weeks was insufficient time for counsel to prepare for a murder trial. Such an assertion is not necessarily connected to a defendant's desire to replace existing counsel. If counsel lacked time to prepare, that would be a matter that would need to be raised even if the same attorney was continuing on the case. No claim was made in the continuance motion that defense counsel was not prepared to proceed. Issues not appropriately presented for decision by the trial court may not normally be advanced for the first time on appeal. Griffin v. State, 824 So.2d 632, 635(¶ 7) (Miss.Ct.App.2002).

III.

Sufficiency of the Evidence
¶ 10. At the close of the evidence, Nelson filed a motion for a directed verdict of acquittal. The motion was denied. After the jury returned a verdict of guilty, Nelson filed a motion for a JNOV, which was also denied. Nelson contends on appeal that these rulings constitute reversible error. He argues, in essence, that the evidence supports a finding of self-defense or imperfect self-defense as a matter of law. *205 Both of these motions raise a claim that the State's evidence of guilt was insufficient as a matter of law.
¶ 11. The trial court, in considering these motions, must view the evidence in the light most favorable to upholding the verdict, giving the prosecution the benefit of all favorable inferences which may be reasonably drawn from the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The court is obligated to reverse a conviction and render a judgment of acquittal when it determines that, viewed in that light, the State's evidence as to one or more of the critical elements of the crime is so lacking that reasonable jurors could not have found appellant guilty. Id. If the trial court denies the motions and that denial is raised as an issue on appeal, this Court is charged to review the evidence by the same standard to determine whether the trial court erred in so ruling. Id. at 781. It is in that posture that we now consider Nelson's challenge to the legal sufficiency of the State's evidence.
¶ 12. The State had the burden of proving that Nelson killed Banks, a human being, without the authority of law, with the deliberate design of effecting the victim's death. Miss.Code Ann. § 97-3-19 (Rev.2000). In furtherance of that burden, the prosecution presented evidence tending to show that Nelson purposely drew a pistol and fired a shot into Banks's chest, causing his death. Nelson's contention that he fired in self-defense, having a reasonable fear that Banks was in the process of drawing a weapon finds no support in the evidence beyond Nelson's own pre-trial statements read to the jury. Though the jury instructions are not a part of the record, it appears from our review of the discussion regarding instructions that the jury was given a self-defense instruction as well as an instruction on accidental shooting. The jury, after being properly instructed on the law, acts as the finder of fact having the duty to resolve conflicting evidence to determine what the jury finds to be more believable. "It is well settled that in such a case of conflicting testimony, each distinct view is absorbed into the minds of the jury as the finders of fact, and it is within the province of the jury to determine the credibility among several witnesses." Jackson v. State, 614 So.2d 965, 972 (Miss.1993). Once the duty to resolve conflicts in the proof is accomplished, the jury's determinations are entitled to deference when challenged at the trial level or on appeal. Windham v. State, 800 So.2d 1257, 1263 (¶ 18) (Miss.Ct. App.2001). We do not find the evidence that Nelson acted in self-defense so compelling as to lead to the conclusion that a fair-minded juror was obligated to accept it as true. For that reason, Nelson was not entitled to a directed verdict of acquittal or a JNOV and the trial court did not commit reversible error when it denied these motions.
¶ 13. Alternatively, Nelson alleges that, at worst, he was guilty of no greater crime than manslaughter on the theory that he acted in imperfect self-defense. Mississippi case law recognizes this concept when the person purposely causing the death of another is found to have acted on a bona fide belief, though there is no reasoned basis for that belief, that his actions were necessary to prevent his own death or great bodily harm. Wade v. State, 748 So.2d 771, 775 (¶ 12) (Miss.1999). It is not entirely clear from our review of the record that the jury was given a lesser-included offense instruction for manslaughter based on the theory of imperfect self-defense. A defendant may not complain concerning the failure to give a lesser-included offense instruction if he did not ask for one. Ballenger v. State, *206 667 So.2d 1242, 1252 (Miss.1995). However, even were we to assume for sake of argument that the lesser-included offense was properly put before the jury, our review of the record convinces us that there was very little, if any, evidence to support such a verdictcertainly not enough to compel a reasonable juror to accept the theory that Nelson was acting under a genuine but unwarranted belief that he was in danger of imminent death or serious bodily harm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.