904 So.2d 1127 (2004)
Kenneth D. STANLEY a/k/a Kenneth Dewayne Stanley, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CA-00138-COA.
Court of Appeals of Mississippi.
October 12, 2004.
*1129 Wanda Turner-Lee Abioto, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
*1128 MYERS, J., for the Court.
¶ 1. On August 28, 2001, Kenneth D. Stanley entered a blind plea to attempted aggravated assault on a police officer in the Circuit Court of Wayne County. The court sentenced Stanley to a term of twelve years, six years suspended, to be served with the Mississippi Department of Corrections. Stanley timely filed a post-conviction motion to set aside his plea. His motion raised three issues: that his plea was involuntary and unintelligent, that his attorney engaged in trickery to assist the State in securing a conviction, and that his rights were not explained to him by his attorney. The trial court denied his motion for post-conviction relief. It is from this denial that Stanley now appeals, raising the following issues to be reviewed by this Court:
I. WHETHER THE INDICTMENT WAS SUBSTANTIALLY DEFECTIVE, RENDERING THE PLEA INVALID.
II. WHETHER THE PLEA WAS VOLUNTARY AND INTELLIGENT.
III. WHETHER THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
IV. WHETHER THE COURT WRONGFULLY PENALIZED THE APPELLANT FOR FILING HIS MOTION FOR POST-CONVICTION RELIEF.
Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. On January 5, 2001, Kenneth D. Stanley, a twenty year old resident of Richton, Mississippi was involved in an automobile accident with Holt Ross, an officer of the Mississippi Highway Patrol. The accident between Stanley and Ross transpired from a high speed chase between Ross and Stanley's father, Kenneth W. Stanley. After Ross had given chase to Stanley's father for approximately fifteen minutes, Stanley was notified of what was transpiring through a cellular telephone call with his father and claims that he wanted to stop the chase before a serious accident occurred. In an effort to thwart the chase, Stanley pursued Ross and his father using his personal vehicle. Two to three minutes into his participation in the chase, Stanley collided with Ross's police cruiser causing damage to both vehicles and minor injuries to Ross.
¶ 3. On June 19, 2001, Stanley was indicted for conspiracy to commit aggravated assault on a law enforcement officer and aggravated assault on a law enforcement officer. On August 29, 2001, Stanley entered a "blind plea" of guilty to aggravated assault on a law enforcement officer. The plea, which was signed under oath, stated that Stanley understood that if he entered a plea of "guilty," the judge could impose the same punishment as if he had *1130 pled "not guilty," stood trial and was convicted. The possible sentence under Mississippi Code Annotated § 97-3-7(2)(b) (Rev.2000) for aggravated assault ranges up to not more than thirty years imprisonment and a fine of not more than $5,000.
¶ 4. On September 26, 2001, a sentencing hearing occurred. Despite the mitigating factors presented at the sentencing hearing, the court sentenced Stanley to a term of twelve years, six years suspended, to be served with the Mississippi Department of Corrections. Such sentence was imposed due to Stanley's lengthy list of prior misdemeanor driving convictions.

STANDARD OF REVIEW
¶ 5. In reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.Ct.App.2002) (citing Pickett v. State, 751 So.2d 1031, 1032(¶ 8) (Miss.1999); Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). However, where questions of law are raised, the applicable standard of review is de novo. Id.

LEGAL ANALYSIS

I. WHETHER THE INDICTMENT WAS SUBSTANTIALLY DEFECTIVE, RENDERING THE PLEA INVALID.
¶ 6. Stanley argues that his indictment improperly stated the elements of the crime of aggravated assault, rendering his plea invalid. Stanley contends that both the plea and the trial court misconstrue the statutory language of aggravated assault set forth in Mississippi Code Annotated § 97-3-7(2)(b) (Rev.2000). Section 97-3-7(2)(b) provides for the crime of aggravated assault as follows:
(2) A person is guilty of aggravated assault if he ... (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years. Provided, however, a person convicted of aggravated assault (a) upon a statewide elected official, law enforcement officer, fireman, emergency medical personnel, public health personnel, superintendent, principal, teacher or other instructional personnel and school attendance officers or school bus driver while such statewide elected official, law enforcement officer, fireman, emergency medical personnel, public health personnel, superintendent, principal, teacher or other instructional personnel and school attendance officers or school bus driver is acting within the scope of his duty, office or employment, or (b) upon a legislator while the Legislature is in regular or extraordinary session shall be punished by a fine of not more than five thousand dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both.
The indictment in question reads that "Kenneth D. Stanley ... as part of a common plan or scheme or as part of the same transactions or occurrence in said County and State, on or about the 5th day of January, A.D.2001, did knowingly or purposely, attempt to cause bodily injury to Holt Ross, with a deadly weapon, an automobile ...." (emphasis added).
¶ 7. Stanley contends that the code presents two avenues in which to proceed under Miss.Code Ann. § 97-3-7(2)(b) (Rev. 2002). Following the argument set forth by Stanley, the State would have to prove *1131 beyond a reasonable doubt that there was an attempt to injure Ross, if no injury had occurred. In the alternative, with an injury present, Stanley argues that the State must prove beyond a reasonable doubt that Stanley purposefully or knowingly caused bodily injury to Ross. Stanley claims that the indictment improperly combines these two alternatives.
¶ 8. It is well established in Mississippi that upon entering a plea of guilty, only two matters are not waived for appeal. These two matters are (1) failure to charge a necessary element of the crime and (2) lack of subject matter jurisdiction. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989) (quoting Durr v. State, 446 So.2d 1016, 1017 (Miss.1984); Maxie v. State, 330 So.2d 277, 278 (Miss.1976)). The essential elements of the crime are included in Stanley's indictment, just not in the order in which he would prefer. As the matter argued does not fall within either of these two exceptions, having pled to the offense and not continuing to trial, Stanley has waived this matter for appeal. Therefore, this issue is without merit.

II. WHETHER THE PLEA WAS VOLUNTARY AND INTELLIGENT.
¶ 9. Stanley argues that his guilty plea was improper because his plea of guilty was neither voluntarily nor intelligently entered. Stanley argues that the trial court improperly described the implications for entering a blind plea, rendering it impossible to voluntarily and intelligently enter into such a plea. The trial record contradicts this contention, as follows:
Q. Kenneth, there's a signature here on the bottom of the next to the last page. Says, Kenneth  I can't hardly read it. "Kenneth D. Stanley" I think right there (indicating). Is that your signature on the bottom of that page?
A. Yes, sir.
Q. All right. Did you go over this guilty plea petition with your lawyer?
A. Yes, sir.
Q. Did you read this, Kenneth, or did he read it to you?
A. I read it, and he read it to me.
Q. Do you understand it okay?
A. Yes, sir.
Q. Is the information that's in here true as far as you know?
A. Yes, sir.
Q. All right. Do you understand you don't have to plead guilty? You have a right if you want to, to stand trial before a jury. Do you understand that?
A. Yes, sir.
¶ 10. The above quoted portion of the transcript indicates that Stanley understood the plea to which he entered, but Stanley contends that the concept of a blind plea was not adequately explained. Again, the record clearly demonstrates otherwise, as follows:
Q. This petition says that you are entering a blind plea. What that means, Kenneth, is that there will be a sentencing hearing set. The court will order a presentence investigation in your case. At that sentencing hearing, the District Attorney would have a right to put on any witnesses that they feel like they need to concerning the issue of proper sentencing. Likewise, you could call any witnesses or put on any evidence that you might want to that you think is important on the question of proper sentencing. The District Attorney can argue or recommend any minimum up to a maximum possible sentence. Likewise, you and your attorney can make any argument that you want to about what you feel like is an appropriate sentence; but ultimately, it would be my responsibility *1132 as Judge to give you what I feel like is a correct, appropriate sentence for the case you're pleading to. Is that your understanding of your circumstance?
A. Yes, sir. (Emphasis added)
¶ 11. In sum, the record indicates that Stanley acknowledged the circumstances under which his plea was entered. Stanley contends that there was an agreement with the district attorney to recommend sentencing to the Regimented Inmate Discipline or "RID" program at Parchman or five years of supervised probation. Whether an agreement existed or not, the court made it clear to Stanley that the sentence which would be rendered was solely in the discretion of the trial judge.
¶ 12. This Court has previously held that "if the defendant is advised regarding the nature of the charge and the consequences of the plea, then the plea is considered voluntary and intelligent." Eacholes v. State, 847 So.2d 280, 281(¶ 3) (Miss.Ct.App.2003) (citing Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)). In addition, declarations made under oath and in open court carry a "strong presumption of verity." Eacholes, 847 So.2d at 281(¶ 3) (citing Baker v. State, 358 So.2d 401, 403 (Miss.1978)).
¶ 13. It is this Court's opinion that Stanley understood the terms to which he entered his plea; he simply did not like the result. In reviewing the record, the trial court explained the maximum and minimum sentence Stanley could receive and found that he adequately discussed the matter with his attorney, understanding the plea. "When reviewing a lower court's decision to deny a petition for post-conviction relief this court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brown v. State, 731 So.2d 595(¶ 6) (Miss. 1999). Because of this, this Court finds that Stanley's guilty plea was voluntarily and intelligently given. Therefore, Stanley's argument is without merit.

III. WHETHER THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 14. Stanley argues that his counsel was ineffective allegedly due to prescription morphine use. Stanley maintains that due to his counsel's morphine use, he was unaware of the defect present in the indictment, as discussed above, to which Stanley pled guilty. Further, Stanley feels that his counsel engaged in "trickery" because he did not receive a sentence involving the "RID" program at Parchman or five years of supervised probation. The State argues that there is no indication other than Stanley's allegations that counsel's performance fell below the standards outlined in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as adopted in this state by Stringer v. State, 454 So.2d 468, 477 (Miss. 1984).
¶ 15. The standard of review for a claim of ineffective assistance of counsel is a two-part test: "the defendant must prove, under the totality of the circumstances, that (1) his attorney's performance was deficient and (2) the deficiency deprived the defendant of a fair trial." Woodson v. State, 845 So.2d 740, 742(¶ 8) (Miss.Ct.App. 2003) (citing Hiter v. State, 660 So.2d 961, 965 (Miss.1995)). The defendant "must show that there is a reasonable probability that, but for his attorney's errors, he would have received a different result at trial." Id. at (¶ 9). Our review is "highly deferential to the attorney, with a strong presumption that the attorney's conduct fell within the wide range of professional assistance." Id. at (¶ 8).
*1133 ¶ 16. The record reveals that Stanley had consulted with defense counsel regarding the guilty plea. The record further indicates that defense counsel was present at the time of the plea hearing. Stanley, in response to questioning by the judge, stated in open court that he was satisfied with his counsel's performance. In fact, Stanley initialed paragraph four in his plea of guilty which states:
I believe that my lawyer has done all that anyone could do to counsel and assist me, and I am satisfied with the advice and help he has given me. After consulting with my lawyer, I am entering my plea of `GUILTY' freely and voluntarily and of my own accord and with full understanding of all matters set forth in the indictment and in this petition and in the certificate of my lawyer which follows.
The bare allegation that defense counsel was taking morphine by prescription is insufficient, in and of itself, to constitute a claim of ineffective assistance of counsel. Berry v. King, 765 F.2d 451, 454 (5th Cir.1985). Stanley presents no specific instance in which counsel's performance was deficient due to his alleged use of morphine, nor is any instance clear from the record. Burnett v. Collins, 982 F.2d 922, 930 (5th Cir.1993). More importantly, there is also no evidence that the result would have been different, but for counsel's unprofessional errors. Consequently, Stanley has failed to prove either prong under Strickland. As a result, we find no error and therefore we affirm.

IV. WHETHER THE COURT WRONGFULLY PENALIZED THE APPELLANT FOR FILING HIS MOTION FOR POST-CONVICTION RELIEF.
¶ 17. Stanley argues that he has been unjustly penalized by the dismissal of his petition for post-conviction relief as "frivolous." In finding that a motion is deemed "frivolous, malicious or for failure to state a claim upon which relief could be granted," Mississippi Code Annotated § 47-5-138(3)(b)(i-iii) (Rev.2001) provides that it is within the judge's discretion to require forfeiture of earned time. The purpose of such forfeitures is to reduce frivolous filings on the part of incarcerated individuals, whether literate or illiterate, pro se or represented by counsel. Holt v. State, 757 So.2d 1088, 1090(¶ 11) (Miss.Ct. App.2000). In Mississippi, the standard of review for such actions is abuse of discretion. Dock v. State, 802 So.2d 1051, 1056(¶ 11) (Miss.2001) (citing Harper v. Showers, 174 F.3d 716, 718 (5th Cir.1999)).
¶ 18. As discussed above, the record does not support any finding of ineffectiveness of counsel; the claim upon which Stanley's petition for post-conviction relief was based. Rather, the record indicates that Stanley understood all matters to which he pled and was satisfied with the performance of his attorney. As such, it was within the trial court's discretion to forfeit sixty days of earned time. Finding no error, we affirm.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. THE APPELLANT IS ASSESSED ALL COSTS OF THIS APPEAL.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. ISHEE, J., NOT PARTICIPATING.