ISHEE, J.,
for the Court:
¶ 1. Brandon McCollum pleaded guilty in the Winston County Circuit Court to possession of contraband in a correctional facility in violation of Mississippi Code Annotated section 47-5-193 (Rev. 2011). He later filed a motion for post-conviction relief (PCR) in the circuit court. The circuit court subsequently denied his PCR motion. McCollum now appeals. McCollum argues on appeal, as he did in the circuit *1192 court, that his indictment was defective and that he received ineffective assistance of counsel. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. McCollum was charged with unauthorized possession of contraband in a correctional facility in violation of Mississippi Code Annotated section 47-5-193. He pleaded guilty to the charge on November 10, 2008. He was sentenced to three years of imprisonment in the Mississippi Department of Corrections (MDOC). The sentence was ordered to be served consecutively to any sentence he was serving.
¶ 3. On January 6, 2011, McCollum filed a PCR motion in the circuit court arguing that his indictment was defective and that he received ineffective assistance of counsel. The circuit court denied his PCR motion. From that ruling, McCollum appeals.
DISCUSSION
¶ 4. When reviewing a circuit court’s denial of a PCR motion, we will not disturb the court’s factual findings unless they are clearly erroneous. Eacholes v. State, 847 So.2d 280, 281 (¶2) (Miss.Ct.App.2003). However, any questions of law are reviewed de novo. Id. (citation omitted).
I. Defective Indictment
¶ 5. McCollum argues his indictment was defective because it failed to state the essential elements of the crime charged. The indictment stated McCollum “did wilfully, unlawfully, feloniously[,] and without authority have in his possession an unauthorized electronic device, cell phone[,] or other contraband item, to-wit: one (1) cell phone and two (2) SIM cards[.]” McCollum asserts the indictment should also have included the phrase: “to take, attempt to take[,] or assist in taking [a] (cell phone) on property belonging to the [Department [of Corrections]” pursuant to the language in Mississippi Code Annotated section 47-5-193.
¶ 6. Section 47-5-193 states in part: “It is unlawful for any ... offender to possess ... [a] deadly weapon, unauthorized electronic device, cell phone, or any of its components or accessories to include, but not limited to, Subscriber Information Module (SIM) cards, chargers, etc., or contraband item[s].” Thus, the statute makes possession of contraband unlawful. The statute also makes the taking of contraband unlawful. That portion of the statute states: “It is unlawful for any person or offender to take, attempt to take, or assist in taking any ... contraband item on property belonging to the department which is occupied or used by offenders, except as authorized by law.” Miss.Code Ann. § 47-5-193. It is clear the statute considers that the possession of contraband and the taking of contraband are two separate crimes.
¶ 7. McCollum was charged with possession of contraband; therefore, the indictment did not need to include the essential elements for the crime of taking of contraband. The indictment properly charged McCollum with the essential elements of possession of contraband in a correctional facility. Accordingly, this issue is without merit.
II. Ineffective Assistance of Counsel
¶ 8. McCollum also argues he received ineffective assistance of counsel because his counsel failed to object to the indictment and permitted a sentence based on the defective indictment. In order to make an ineffective-assistance-of-counsel claim, one must show: (1) counsel’s performance was deficient, and (2) the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. *1193 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To challenge a guilty plea based on ineffective assistance of counsel, one must show “counsel’s errors proximately resulted in the guilty plea and, but for counsel’s error, [the defendant] would not have entered the guilty plea.” Deloach v. State, 937 So.2d 1010, 1011 (¶ 5) (Miss.Ct.App.2006).
¶ 9. As discussed above, the indictment was not defective and included the essential elements of the crime charged. Thus, McCollum’s entire ineffective-assistance-of-counsel claim fails. Furthermore, McCollum has failed to show, even if the indictment was defective, that he would not have pleaded guilty but for his counsel’s deficient performance. Accordingly, this issue is without merit.
¶10. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.