# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00532-COA

**KEITH MAGEE A/K/A KEITH QUINN A/K/A DUDE**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/10/2017 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KEITH MAGEE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/21/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND TINDELL, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Keith Magee, appearing pro se, appeals the Marion County Circuit Court's summary dismissal of his motion for post-conviction relief (PCR).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On December 3, 2004, Magee was indicted by a Marion County grand jury on the charge of capital murder under Mississippi Code Annotated section 97-3-19(2)(e) (Rev. 2014).  On January 18, 2008, Magee entered a plea of guilty to capital murder as an accessory before the fact, and was sentenced to serve a term of life imprisonment without eligibility for parole in the custody of the Mississippi Department of Corrections.

¶3.    On September 24, 2010, Magee filed his first PCR motion, claiming that his life sentence without parole was illegal. The trial court entered an order denying relief, and Magee appealed. In November 2013, this Court issued a mandate dismissing Magee's appeal for failure to file a brief.

¶4.    Magee filed his second PCR motion on June 7, 2016, alleging that his indictment failed to charge an essential element for capital murder (intent to cause the death of the victim) and ineffective assistance of counsel because his attorney failed to advise him of his allegedly defective indictment. Following this motion, on October 17, 2016, Magee filed a document entitled "Amended Claims" to his PCR motion. In this pleading, he raised two more ineffective-assistance-of-counsel claims: failure to seek dismissal of his case due to a speedy-trial violation, and an involuntary plea and denial of due process because his attorneys did not seek a competency examination and hearing before Magee's guilty plea was accepted.

¶5.    On January 6, 2017, the trial court entered an order summarily dismissing Magee's motion, finding it time-barred and successive, as well as without merit. However, the trial court only addressed the claims raised in Magee's June 2016 PCR motion, and not the "amended claims." The trial court accordingly amended its order, addressing his two "amended claims," and found them without merit as well. Magee timely appealed, apparently abandoning his defective-indictment claim, but arguing against the procedural bar. He also claims he should have been afforded a competency and evidentiary hearing and

2

that he suffered ineffective assistance of counsel related to the speedy-trial issue.

## STANDARD OF REVIEW

¶6.     This Court reviews a circuit court's denial or dismissal of a PCR motion for an abuse of discretion. This Court "will not disturb the trial court's factual findings unless they are clearly erroneous." *Purvis v. State*, 240 So. 3d 468, 470 (¶7) (Miss. Ct. App. 2017). Questions of law, however, are reviewed de novo. *Id.*

## ANALYSIS

¶7.     We shall discuss the merits of the issues Magee raises on appeal; however, as the trial court ruled, Magee's PCR motion is both time-barred and successive, as will be discussed first.

### I.     Procedural Bars

¶8.     Magee first argues that his PCR motion is excepted from the procedural bar under *Rowland v. State*, 42 So. 3d 506 (Miss. 2010), as his claims allegedly affect fundamental constitutional rights.

¶9.     Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Further, a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). This Court has upheld time- and successive-writ bars in capital murder post-conviction proceedings. *See Randall v. State*, 148 So. 3d 686, 688 (¶¶7-8) (Miss. Ct. App.

2014). This PCR motion is Magee's second one relating to his capital-murder conviction and was filed over eight years after his judgment of conviction on January 18, 2008. Accordingly, his PCR motion is procedurally barred.

¶10. However, Magee attempts to overcome the procedural bar by claiming his motion is excepted due to the intervening decision of *Rowland*. In that case, the Mississippi Supreme Court held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Rowland*, 42 So. 3d at 506 (¶9). However, "'the mere assertion of a constitutional right violation' does not trigger the exception." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013). The claim must at least appear to have some basis of truth. Fundamental rights excepted from procedural bars have included ineffective assistance of counsel in death-penalty post-conviction cases, illegal sentences, and double jeopardy. *Smith v. State*, 149 So. 3d 1027, 1032 (¶10) (Miss. 2014) (overruled on other grounds by *Pitchford v. State*, 240 So. 3d 1061 (Miss. 2017)). In this case, Magee's ineffective-assistance-of-counsel claim does not implicate a fundamental-constitutional-rights violation.

¶11. Moreover, although Magee's claim that the trial court should have conducted a competency hearing before accepting his guilty plea could implicate a fundamental constitutional right, Magee fails to present any evidence that such a hearing was warranted. Because Magee presents no valid exception to the procedural bars, this issue is without merit.

## II. Competency Hearing

¶12. Magee argues his constitutional rights were violated because the trial court failed to conduct a competency determination before he entered his plea. Uniform Rule of Circuit and County Court 9.06[1] states in part: "If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination . . . ." "The defendant bears the burden of proof to show by substantial evidence that his competency to stand trial is in question." *Higginbotham v. State*, 122 So. 3d 1205, 1210 (¶14) (Miss. Ct. App. 2013). Magee fails to meet his burden.

¶13. Here, according to the trial-court docket, neither Magee nor his attorney requested a competency determination. Moreover, our review of the record indicates such a determination was not warranted. Although the entire plea-hearing transcript is not included in the record, the trial court did attach the pertinent portions of the sentencing transcript following Magee's guilty plea pertaining to his competency. Magee stated he understood the proceedings. Further, his two attorneys attested to his competency, as did Magee's mother and brother, who executed a "certification of counsel" that he had been apprised of his rights and was "very knowledgeable of what he's doing." He testified that he was not

---

[1] We note that the Uniform Rules of Circuit and County Court relating to criminal practice have been supplanted by the Mississippi Rules of Criminal Procedure, effective July 1, 2017. But because the former rules were still in effect at the time of Magee's plea, Rule 9.06 is applicable to his case.

under the influence of drugs or alcohol, had no emotional or physical problems that would prevent him from understanding the proceedings, could read and write, and understood the petition and charge against him. Accordingly, the record reflects that Magee was competent to stand trial, and the trial court did not abuse its discretion in failing to order a sua sponte Rule 9.06 competency hearing.

### III.    Evidentiary Hearing

¶14.    Next, Magee argues that the trial court erred in dismissing his PCR motion without holding an evidentiary hearing. "The trial court has 'considerable discretion' in determining whether to grant an evidentiary hearing." *Whatley v. State*, 123 So. 3d 461, 471 (¶33) (Miss. Ct. App. 2013). Not every PCR motion must be afforded a full adversarial hearing. "The movant must prove, through affidavits or otherwise, the potential existence of such facts that, if proven at the hearing, would entitle him to relief." *Id.* "[A] trial court may summarily dismiss a petition for PCR, without having held an evidentiary hearing, when it is clear that the petitioner is not entitled to relief . . . ." *State v. Santiago*, 773 So. 2d 921, 923-24 (¶11) (Miss. 2000) (citing Miss. Code Ann. § 99-39-11(2) (Rev. 2015)). Magee did not demonstrate any potential facts which might have entitled him to relief. Therefore, the trial court did not err in denying an evidentiary hearing.

### IV.    Ineffective Assistance of Counsel

¶15.    Magee was appointed two attorneys. He argues that they were ineffective for failing to move for a dismissal of his case due to lack of a speedy trial. He also contends that they

6

improperly coerced him to plead guilty and failed to request a competency hearing before he pleaded guilty.

¶16. Under the *Strickland* test, in order to succeed on an ineffective-assistance-of-counsel claim, the defendant must show that his trial counsel's performance was deficient, and he was prejudiced by that deficiency. *McCollum v. State*, 81 So. 3d 1191, 1192-93 (¶8) (Miss. Ct. App. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "In the context of a guilty plea, the defendant must show that his 'counsel's errors proximately resulted in the guilty plea and, but for counsel's error, the defendant would not have entered the guilty plea.'" *Wash v. State*, 218 So. 3d 764, 766 (¶6) (Miss. Ct. App. 2017) (quoting *McCollum*, 81 So. 3d at 1193 (¶8)). "The defendant 'must show unprofessional errors of substantial gravity,' and allege such facts with 'specificity and detail.'" *Id.* at 766-67 (¶6). "[T]here is a strong rebuttable presumption that counsel's conduct falls 'within the wide range of reasonable professional assistance.'" *Id.* at 767 (¶6).

¶17. In *Baker v. Wingo*, the United States Supreme Court established a four-part balancing test to determine whether the right to a speedy trial was violated: "length of delay, reasons for delay, whether the defendant asserted his right to a speedy trial, and whether the defense suffered any prejudice from the delay." *Johnson v. State*, 68 So. 3d 1239, 1241 (¶6) (Miss. 2011) (citing *Baker v. Wingo*, 407 U.S. 514, 530 (1972)). "[A] delay of eight months or longer is presumptively prejudicial." *Id.* at 1242 (¶7) (citing *Smith v. State*, 550 So. 2d 406, 408 (Miss. 1989)). Magee was arrested in October 2004, indicted on December 3, 2004, and

entered a guilty plea on January 18, 2008. Our review of the trial-court docket shows that Magee's trial was continued approximately nine times; however, the reasons for the delays are not apparent from the docket. Although the delay in this case does raise a presumption of prejudice, Magee has not provided any evidence of actual prejudice such as loss of witnesses or evidence, dimness of witness memories, or stale investigation. *See Johnson*, 68 So. 3d at 1242-43, 1245 (¶¶6, 11, 18). Further, Magee did not assert his right to a speedy trial; in the record before us, an argument regarding a speedy trial is not mentioned until post-conviction proceedings, and even then it was in his "amended claims" to his second PCR motion. Asserting a violation of a speedy trial is not the same thing as asserting a right to a speedy trial. *Franklin v. State*, 136 So. 3d 1021, 1035-36 (¶54) (Miss. 2014). Accordingly, the record before us does not indicate a motion to dismiss by Magee's counsel would have been successful.

¶18.    Further, Magee provides no proof that his attorneys coerced him into pleading guilty or that his plea is invalid. Indicted for capital murder, Magee was eligible for the death penalty. Counsel's strategy to work out a guilty plea in exchange for a life sentence and advice to him to take the plea would hardly be considered ineffective assistance. Finally, as we find no merit to Magee's competency argument, we cannot say his attorneys were ineffective for failure to move for a competency hearing. This issue is without merit.

¶19.    We therefore affirm the circuit court's summary dismissal of Magee's PCR motion.

¶20.    **AFFIRMED.**

8

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**