# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01031-COA

ANTONIO BURGIN                                                          APPELLANT

v.

STATE OF MISSISSIPPI                                                      APPELLEE

DATE OF JUDGMENT:              08/26/2020
TRIAL JUDGE:                   HON. JAMES T. KITCHENS JR.
COURT FROM WHICH APPEALED:     LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        ANTONIO BURGIN (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: META S. COPELAND
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 11/02/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., GREENLEE AND SMITH, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Antonio Burgin appeals from the Lowndes County Circuit Court's denial of post-conviction collateral relief (PCR). We affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2011, Burgin was indicted for Count I, armed robbery, and Count II, aggravated assault. Subsequently, in November 2012, Burgin pled guilty to armed robbery. In exchange for Burgin's guilty plea to armed robbery, the State recommended that the court retire to the files Count II of Burgin's indictment for aggravated assault. Finding Burgin's plea to have been entered voluntarily, knowingly, and intelligently, the circuit court accepted Burgin's plea and sentenced him to serve twenty-three years in the custody of the Mississippi

Department of Corrections, with five years of post-release supervision. The court also ordered Burgin to pay restitution in the amount of $23,377.50 and court costs.[1]

¶3. Less than two years after sentencing, Burgin filed his first PCR motion claiming (1) his sentence was illegal; (2) his plea was involuntary; (3) there was insufficient evidence to support his conviction; and (4) he received ineffective assistance of counsel. The circuit court denied post-conviction relief, and this Court affirmed. *Burgin v. State*, 180 So. 3d 725, 727 (¶1) (Miss. Ct. App. 2015).

¶4. Then Burgin filed another PCR motion claiming (1) his indictment was defective, (2) his plea was involuntary, and (3) he received ineffective assistance of counsel. The circuit court dismissed the PCR motion, and Burgin appealed again. However, Burgin's appeal was ultimately dismissed for failure to file an appellant's brief. *Burgin v. State*, No. 2017-CP-01299-COA (Miss. Ct. App. Apr. 11, 2018) (corrected dismissal notice).

¶5. On May 26, 2020, Burgin filed what appeared to be his third PCR motion.[2] Burgin raised several claims challenging the indictment, he challenged the court's exercise of subject matter jurisdiction, and he asserted that he received ineffective assistance of counsel. The circuit court held that Burgin's claims were without merit and dismissed the PCR motion

---

[1] Although Burgin's indictment was amended to charge him as a non-violent habitual offender, Burgin seemingly pled guilty as a non-habitual offender.

[2] Burgin's motion was titled "Motion to Dismiss Indictment Based on Defect in the Commencement of the Proceedings & the Charge." However, "[a] pleading cognizable under the Uniform Post-Conviction Collateral Relief Act (UPCCRA) will be treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Watson v. State*, 295 So. 3d 542, 543 (¶3) (Miss. Ct. App. 2019) (quoting *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011)).

without a hearing.

¶6. Now Burgin appeals claiming (1) the indictment failed to charge an essential element of the crime, (2) the court lacked subject matter jurisdiction because the indictment misstated an essential element of the crime, and (3) he received ineffective assistance of counsel when his attorney failed to challenge the indictment.

## STANDARD OF REVIEW

¶7. "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if it is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017) (quoting *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016)).

## DISCUSSION

¶8. Under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), Burgin had three years after the entry of the judgment of conviction to file a PCR motion. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Because Burgin's PCR motion was filed more than three years after the entry of the judgment of conviction, it is time-barred.

¶9. Additionally, under the UPCCRA, any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2020). Because Burgin has filed at least one PCR motion and received a ruling, we find that the current PCR motion is barred as successive, and his claims are also "barred by ordinary principles of res judicata. . . ." *Harris v. State*, 313 So. 3d 500, 506 (¶17) (Miss. Ct. App.

2020). "[S]ince successive motions are not allowed, 'a person who requests post[-]conviction relief is obligated to place before the court all claims known to him and/or of which he should have had knowledge." *Id*. (quoting *Nichols v. State*, 265 So. 3d 1239, 1241 (¶8) (Miss. Ct. App. 2018)). "The failure to do so results in a loss of his claims for a second or successive petition." *Id*.

¶10. It is true that "errors affecting fundamental rights may be excepted from procedural bars." *Rowland v. State*, 42 So. 3d 503, 505-06 (¶7) (Miss. 2010) (internal quotation marks omitted). "The following 'fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right to not be subject to ex post facto laws.'" *Creel v. State*, 305 So. 3d 417, 421 (¶9) (Miss. Ct. App. 2020) (quoting *Nichols*, 265 So. 3d at 1242 (¶10)). "In 'extraordinary circumstances,' the right to effective assistance of counsel may also be excepted from the . . . procedural bars." *Id*. But "the mere assertion of a constitutional[-]right violation does not trigger the exception." *Id*. (quoting *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013)). To find an exception to the bar, "there must be some basis of truth for a claim." *Id*. (citing *Mays v. State*, 228 So. 3d 946, 948 (¶5) (Miss. Ct. App. 2017)). For the reasons discussed below, Burgin's claims fail to overcome the procedural bars.

## I. Indictment

¶11. This Court has held that "a voluntary guilty plea waives 'all technical, non-jurisdictional defects in the indictment . . . .'" *Smith v. State*, 308 So. 3d 476, 480 (¶19)

4

(Miss. Ct. App. 2020) (quoting *Gavin v State*, 170 So. 3d 1242, 1243 (¶¶4-5) (Miss. Ct. App. 2015)). However, "a voluntary guilty plea will not waive a defect in the indictment: (1) when the indictment fails to charge a necessary element of the crime, and (2) when the trial court does not have subject matter jurisdiction." *Grimes v. State*, 812 So. 2d 1094, 1097 (¶10) (Miss. Ct. App. 2001) (citing *Garrette v. State*, 763 So. 2d 177, 180 (¶17) (Miss. Ct. App. 2000)).[3]

### A. Elements

¶12. Uniform Rule of Circuit and County Court Practice 7.06, which governed Burgin's indictment, provided that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation."[4] "As a general rule, an indictment which tracks the language of a criminal statute is sufficient to inform the defendant of the charge against him." *Dobbins v. State*, 172 So. 3d 803, 804 (¶4) (Miss. Ct. App. 2013) (quoting *Ford v. State*, 911 So. 2d 1007, 1012-13 (¶14) (Miss. Ct. App. 2005)). Mississippi

---

[3] In the Appellant's brief and reply brief, Burgin suggests that his plea was involuntary. However, this Court has held that "issues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court." *Bland v. State*, 312 So. 3d 417, 419 (¶11) (Miss. Ct. App. 2021) (quoting *Griffin v. State*, 824 So. 2d 632, 635 (¶7) (Miss. Ct. App. 2002)). Although Burgin did not challenge the voluntariness of his plea in the PCR motion that is the subject of this appeal, he raised the issue in his first PCR motion. Indeed, this Court has already found that "Burgin's guilty plea was entered voluntarily, knowingly, and intelligently." *Burgin*, 180 So. 3d at 731 (¶22). In his reply brief, Burgin also takes issue with his sentence; however, the issue is procedurally barred for the same reason (i.e., the issue was not presented to the circuit court in his PCR motion).

[4] This rule has since been supplanted by Rule 14.1 of the Mississippi Rules of Criminal Procedure, which became effective July 1, 2017.

Code Annotated section 97-3-79 (Rev. 2020) provides, in relevant part:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery . . . .

*See also Jones v. State*, 281 So. 3d 137, 146 (¶26) (Miss. Ct. App. 2019) ("The essential elements of armed robbery are: (1) a felonious taking or attempt to take, (2) from the person or from the presence, (3) the personal property of another, (4) against his will, (5) by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon."). "[A]ccording to the statute, 'the crime of armed robbery is complete at the attempt.'" *White v. State*, 969 So. 2d 72, 82 (¶38) (Miss. Ct. App. 2007) (quoting *Calhoun v. State*, 881 So. 2d 308, 311 (¶12) (Miss. Ct. App. 2004)).

¶13. Count I of Burgin's indictment provided that in Lowndes County on or about September 25, 2010,

> [Antonio Burgin] did unlawfully, willfully, and feloniously, attempt to take, steal, and carry away from the person or presence of Hussein Alhajjaji, the personal property of Hussein Alhajjaj[i], to-wit: Money, against the will of the said Hussein Alhajjaji and without his consent by putting the said Hussein Alhajjaj[i] in fear of immediate injury to his person by the exhibition of a deadly weapon, to-wit: a pistol, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Mississippi[.]

¶14. Burgin argues the "indictment contains no explicit charge of the exhibition of a deadly weapon." However, our review of Burgin's indictment reflects that it tracks the language of section 97-3-79 and sets forth the elements of the crime. Burgin's indictment plainly states that he used a pistol. Additionally, this Court has previously held that Burgin's

6

indictment "tracked the language of section 97-3-79 and properly charged Burgin with armed robbery by the exhibition of a deadly weapon." *Burgin*, 180 So. 3d at 730 (¶15). Therefore, this issue is without merit.[5]

### B. Jurisdiction

¶15. Mississippi Code Annotated section 99-11-3 (Rev. 2020) establishes that "[t]he local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where committed." This Court has held that "[a] circuit court obtains 'subject-matter jurisdiction over the subject of a particular offense' when 'an indictment charging the essential elements of a crime is served on a defendant.'" *Cook v. State*, 301 So. 3d 766, 773 (¶16) (Miss. Ct. App. 2020) (quoting *Raine v. State*, 151 So. 3d 216, 219 (¶6) (Miss. Ct. App. 2014)). Additionally, "[t]rial courts are permitted to rely upon an appellant's sworn testimony from a plea hearing which contradicts assertions made in the PCR motion." *Id*.

¶16. Burgin's indictment states that a Lowndes County grand jury indicted him for armed robbery and aggravated assault that took place in Lowndes County. Burgin never asserted that the crimes did not take place in Lowndes County where he entered his guilty plea. Additionally, the indictment set forth the elements of the crime. Therefore, Burgin's argument concerning the court's lack of jurisdiction is without merit.

### II. Ineffective Assistance of Counsel

¶17. In order to prove ineffective assistance of counsel, "the defendant must show that his

---

[5] Burgin seemingly claims that the statute is ambiguous. However, as stated, "issues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court." *Bland*, 312 So. 3d at 419 (¶11) (quoting *Griffin*, 824 So. 2d at 635 (¶7)).

trial counsel's performance was deficient, and he was prejudiced by that deficiency." *Magee v. State*, 270 So. 3d 225, 229 (¶16) (Miss. Ct. App. 2018) (citing *McCollum v. State*, 81 So. 3d 1191, 1192-93 (¶8) (Miss. Ct. App. 2012)). "In the context of a guilty plea, the defendant must show that his 'counsel's errors proximately resulted in the guilty plea and, but for counsel's error, the defendant would not have entered the guilty plea.'" *Id.* (quoting *Wash v. State*, 218 So. 3d 764, 766 (¶6) (Miss. Ct. App. 2017)). "There is a strong rebuttable presumption that counsel's conduct falls 'within the wide range of reasonable professional assistance.'" *Id.* at 229-30 (¶16) (quoting *Wash*, 218 So. 3d at 767 (¶6)). Furthermore, "[t]he 'specificity' necessary to establish an ineffective-assistance claim 'requires more than a party's own affidavit or mere assertions made within his brief.'" *McCoy v. State*, 111 So. 3d 673, 679 (¶21) (Miss. Ct. App. 2012) (quoting *Clark v. State*, 54 So. 3d 304, 308 (¶13) (Miss. Ct. App. 2011)).

¶18.    Burgin claims that he received ineffective assistance of counsel when his attorney failed to challenge the indictment. However, because the indictment was not defective, the attorney's failure to challenge the indictment did not constitute deficient performance. Accordingly, this issue is without merit.

## CONCLUSION

¶19.    Burgin has failed to demonstrate that there is any merit to his claims, and they are not excepted from the procedural bars. Therefore, we affirm the circuit court's judgment.

¶20.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS**

**IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**